

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

POLK AUDIO, INC.

          Plaintiff,

v.

AUDIO VIDEO CREATIONS, INC.,

          Defendant.

## STIPULATED CONFIDENTIALITY AGREEMENT

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for the respective parties that:

1. In the course of these proceedings, either party may be called upon to produce, pursuant to Court Order or to request by another party, one or more documents or information that (a) is not publicly known; and (b) is of a proprietary or confidential nature within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure. Any such documents or information shall be defined hereinafter as "Confidential Matter." Confidential Matter shall not include any documents or information produced, disclosed, or made available to the public, or otherwise available for public access. Confidential Matter shall not include any document or information that has not been preserved or maintained, by the party to which it belongs, in a manner calculated to preserve its confidentiality. Confidential Matter shall include all documents or information supplied by or exchanged between the parties in the course of any settlement proceedings, discussions, or negotiations in this case.

2. Any Confidential Matter produced in this action may be designated "Confidential" by the party supplying the Confidential Matter (the "Supplying Party") or by

ruling of the Court. The Supplying Party shall effect such a designation by stamping the Confidential Matter as "Confidential" or, in the case of information that is not reduced to documentary form, by informing the other party of the confidential nature of that information. The failure of a party to designate Confidential Matter as confidential shall not affect the confidentiality of the Confidential Matter in question, nor shall it waive the protections stipulated to herein with respect to Confidential Matter or otherwise provided under applicable laws.

3. A party receiving documents or information designated as "Confidential" (the "Receiving Party") may object in good faith to the "Confidential" designation by notifying the Supplying Party in writing of such an objection. Counsel for the parties then shall have five (5) days to negotiate an informal resolution to the dispute. If resolution concerning the designation is not reached by counsel, the Receiving Party may move the Court for a ruling. At all times, the Supplying Party shall have the burden of demonstrating that the material in question is confidential within the meaning of Federal Rule of Civil Procedure 26(c). Pending a ruling by the Court, the documents or information in controversy shall be afforded the same treatment afforded to materials designated "Confidential" hereunder.

4. Unless the Court orders otherwise, or counsel otherwise stipulate in writing, access to materials designated "Confidential" shall be restricted to "Qualified Persons," defined as: the Court; Court personnel; court reporters and videographers who record depositions or other testimony in this action; counsel for the parties; counsel's legal in-house associates engaged in the preparation for trial of this action; full-time employees of counsel, including paralegals, administrative assistants, clerical employees, and stenographers; deponents or witnesses at trial to the extent that Confidential Matter is disclosed to them by the Supplying Party during a deposition or trial in this matter; employees of copying, imaging, and computer

services for the purpose of copying, imaging, or organizing documents designated "Confidential;" and professional experts retained in this matter who execute a non-disclosure agreement in the form of Exhibit A hereto. Counsel for the parties shall maintain a file of all individuals who have executed such a non-disclosure agreement.

5. Counsel may grant access to materials designated "Confidential" to a person who is not a Qualified Person (a "Non-qualified Person") only pursuant to the following procedure. Before disclosing any materials designated "Confidential" to a Non-qualified Person, counsel for the Receiving Party shall seek a written stipulation from counsel for the Supplying Party to the effect that the materials designated "Confidential" may be disclosed to the Non-qualified Person in question. The Supplying Party shall respond by fax within two (2) business days from receipt of the request and, in the event of a negative response, the Supplying Party shall state the grounds therefor. Counsel then shall have five (5) days to negotiate an informal resolution of the dispute. If resolution cannot be reached by counsel, the Receiving Party may move the Court for a ruling. Pending a ruling by the Court, the material in issue shall be withheld from all Non-qualified Persons.

6. If any party uses materials designated "Confidential" hereunder during the course of a deposition in this action, the Supplying Party may designate as "Confidential" the portion of the deposition record reflecting the materials designated "Confidential," and that portion of the record shall be sealed and stamped "Confidential" and access thereto shall be limited pursuant to the terms of this stipulation.

7. In the event that materials claimed to be confidential are produced inadvertently without the appropriate designation, the Supplying Party may request, in writing, that the documents and copies thereof be returned to the Supplying Party within five (5) days of the

receipt of the request by the Receiving Party. In the alternative, the Supplying Party may request that the Receiving Party designate as "Confidential" the documents and all copies thereof in the Receiving Party's possession, custody, or control. The inadvertent production of confidential material without the designation "Confidential" shall not constitute a waiver of the material's confidentiality.

8. Whenever documents designated "Confidential," or papers making reference to documents or information designated "Confidential," are filed with the Court, both the documents or information so designated and the papers making reference thereto shall be filed in sealed envelopes or other appropriately sealed containers, on which shall be endorsed the title of this action, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> "This envelope contains material filed in this case by [name of party] and is not to be opened, nor the contents hereof displayed or revealed, except by order of the Court or pursuant to stipulation of the parties."

The party making the filing shall simultaneously submit a motion and accompanying order pursuant to Local Rule 105.11. Pending a ruling by the Court on the motion, the envelope shall be kept sealed. If the motion is granted, the sealed materials shall not be opened without further order of the Court except by counsel of record, who shall return the material to the Clerk is an envelope sealed in accordance with this paragraph.

9. Upon termination of this action, (a) each Receiving Party shall return to the Supplying Party, at the Supplying Party's expense, all documents produced by the Supplying Party and all copies thereof in the possession, custody, or control of the Receiving Party, *provided* that the Supplying Party may permit the Receiving Party, in lieu of returning the documents, to certify in writing that all such documents and copies thereof have been destroyed,

*and provided further* that counsel for the Supplying Party agrees personally to maintain custody of such documents for two years after conclusion of this action; and (b) the Clerk of the Court shall either return to each Supplying Party, or destroy, any sealed material  The termination of this action shall not relieve the parties or any signatories of Exhibit A hereto of the obligation to maintain the confidentiality of materials designated "Confidential" hereunder.

10.  This stipulation may be amended without leave of Court by agreement of counsel for the parties in the form of a stipulation that shall be filed herein.  Nothing in this stipulation and order will prejudice either party from seeking amendments hereto broadening or restricting the rights of access to and use of confidential information, or other modification hereof.

Dated: February      , 2003

SO STIPULATED

_____          _____
Michael F Brockmeyer                                     Alfred L. Scanlan
Jay I. Morstein                                                  Eccleston & Wolf P.C.
Paolo Morante                                                Scarlett Place, 7th Floor
Piper Rudnick LLP                                         729 Pratt Street
6225 Smith Avenue                                       Baltimore, MD 21202-4460
Baltimore, MD 21209-3600                          Tel. No. (410) 752-7474
Tel. No. (410) 580-4805                                Fax No. (410) 752-0611
Fax No. (410) 580-3805

                                                                        *Attorneys for Defendant*
*Attorneys for Plaintiff*                                *Audio Video Creations, Inc.*
*Polk Audio, Inc.*


SO ORDERED:
Dated: ~~February~~ March 5, 2003.

_____
William M. Nickerson
United States District Judge

5