UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

POLK AUDIO, INC.
    Plaintiff

v.

AUDIO VIDEO CREATIONS, INC.,
    Defendant.

Case No.: WMN-02-3133

**MOTION OF PLAINTIFF POLK AUDIO, INC.,
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Polk Audio, Inc. ("Polk Audio") respectfully moves the Court under Rules 15, 20, and 21 of the Federal Rules of Civil Procedure for leave to file a "First Amended Complaint" in order (a) to join Steve Javaherian, Mark Syetta, and Arlene Syetta as individual defendants with respect to Polk Audio's fraud and conversion claims, and (b) to make certain other minor amendments to conform to facts unveiled in discovery. In support of this motion, Polk Audio respectfully submits the attached memorandum of points and authorities.

Dated: March 18, 2003

Respectfully submitted,

_____
Jay I. Morstein (Fed. Bar No. 00123)
Paolo Morante (Fed. Bar No. 025287)

PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, MD  21209-3600
Telephone: (410) 580-3000

*Attorneys for Plaintiff Polk Audio, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| POLK AUDIO, INC.<br><br>　　　　Plaintiff<br><br>v.<br><br>AUDIO VIDEO CREATIONS, INC.,<br><br>　　　　Defendant. | Case No.: WMN-02-3133 |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION OF PLAINTIFF POLK
AUDIO, INC., FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Polk Audio, Inc. ("Polk Audio") respectfully submits this memorandum in support of its motion for leave to file its First Amended Complaint, a copy of which, with Exhibits, is attached hereto as Ex. A (for the Court's convenience, a red-lined version of the First Amended Complaint showing all changes in relation to Polk Audio's original Complaint is attached as Ex. B). The purpose of the proposed First Amended Complaint is (a) to join Steve Javaherian, Mark Syetta, and Arlene Syetta as individual defendants with respect to Polk Audio's fraud and conversion claims, and (b) to make certain other minor amendments to conform to facts unveiled in discovery.

## BACKGROUND

Polk Audio filed its original Complaint on September 24, 2002, against Defendant Audio Video Creations, Inc. ("AVC"). The Complaint advances four claims sounding in breach of contract (Counts 1 and 2), conversion (Count 3) and fraud (Count 4). Essentially, Polk Audio claims that (a) AVC breached its Dealer Agreement with Polk Audio by selling Polk Audio

products to other retailers without authorization (a practice known in the industry as "transshipping") (Count 1); and (b) AVC breached the Dealer Agreement, committed fraud against Polk Audio, and unlawfully converted Polk Audio's property by (i) authorizing Polk Audio to charge a credit card issued to Mark and Arlene Syetta for Polk Audio products ordered and delivered to AVC; (ii) ordering and accepting delivery of Polk Audio products from Polk Audio without contesting the authorization given to Polk Audio to charge the referenced credit card; (iii) reselling those Polk Audio products; and (iv) falsely representing to the credit card issuer that AVC had not authorized Polk Audio to charge the referenced credit card, such that Polk Audio has been subject to chargebacks for the amounts owed by AVC for those Polk Audio products and has not been paid for those products (Counts 2, 3, and 4). The Complaint seeks compensatory and punitive damages and attorneys' fees and costs.

After requesting a series of extensions of the relevant deadline, AVC filed an answer to the Complaint on December 4, 2002. On December 9, 2002, Polk Audio issued interrogatories and requests for production of documents to AVC. Following another series of extensions of time, AVC responded to Polk Audio's discovery on February 4, 2003. AVC also issued interrogatories and requests for production of documents on December 30, 2002, to which Polk Audio responded on February 24, 2003.

The materials and information produced by AVC in discovery reveal that AVC is a relatively small business that is operated closely by Steve Javaherian and Mark Syetta. In particular, AVC's answers to Polk Audio's interrogatories (attached hereto as Ex. C) assert that, during the period relevant to Polk Audio's Complaint, Mr. Javaherian was the sole stockholder, director, and officer of AVC (*see* Answer to Interrogatory No. 1), and that Messrs. Javaherian and Syetta "had business dealings and communications with Polk, and were responsible for

purchases and sale [sic] of Polk Audio Products generally." Answer to Interrogatory No. 2. Polk Audio's own records reveal that virtually all of Polk Audio's business dealings with AVC occurred through either Mr. Javaherian or Mr. Syetta. *See* Ex. C. Delivery receipts for the Polk Audio products for which AVC has failed to pay disclose that either Mr. Javaherian or Mr. Syetta accepted delivery of most of those Polk Audio products. *See* Exs. 4 through 10 of First Amended Complaint. In addition, Polk Audio's records confirm that Mr. Syetta authorized Polk Audio to charge the credit card in question for goods ordered by and delivered to AVC. *See* Exs. D and E hereto.

At the same time, materials received by Polk Audio from its merchant bank, Global Payments, Inc., disclose that in March, 2002, Arlene Syetta signed and submitted to the credit card issuer a series of statements falsely representing that Polk Audio was not authorized to charge the credit card for the Polk Audio products in question. Statements signed by Arlene Syetta on March 16, 2002, relating to each of the credit card charges at issue, are attached hereto as Ex. F.

The attached First Amended Complaint seeks to add Steve Javaherian, Mark Syetta, and Arlene Syetta as individual defendants with respect to Polk Audio's conversion and fraud claims (Counts 3 and 4, respectively). Essentially, the First Amended Complaint alleges that the individual Defendants collaborated to convert Polk Audio's property and to defraud Polk Audio of the moneys Polk Audio rightfully charged to the credit card in question. The First Amended Complaint adds to the original Complaint jurisdictional allegations relating to the individual Defendants and basic allegations concerning the identity of each individual Defendant, clarifies each individual Defendant's direct involvement in the unlawful scheme, and seeks damages, attorneys' fees, and costs from all Defendants jointly and severally.

The First Amended Complaint also seeks to make the following minor factual additions/amendments to conform to the facts of this case as discovered since the filing of the original Complaint:

- Paragraphs 51 and 52 revise an allegation originally found in Paragraphs 46 and 47 in order to clarify that Citibank did not impose the chargeback on Polk Audio directly but through the intermediary merchant bank, Global Payments, Inc.;

- Paragraph 54 and Ex. 11 allege that Polk Audio submitted a final demand letter to AVC prior to initiating this litigation, which letter was accepted for delivery by Arlene Syetta at AVC's place of business; and

- The amount outstanding on AVC's account with Polk Audio is revised from $35,003.51, plus interest, to $38,096.78 plus interest, which reflects the fact that AVC failed to qualify for the net unit price by failing to remit timely payments.

All three individual Defendants have been on notice of the essential facts alleged in the First Amended Complaint at least since Polk Audio filed the original Complaint on September 24, 2002. On or about February 28, 2003, Polk Audio sought Defendants' consent to the filing of the First Amended Complaint. A few days later, however, Defendants refused. Because the filing of the First Amended Complaint is permissible and is in the interest of justice, the Court should grant Polk Audio's motion.

## ARGUMENT

After an original complaint has been answered, the Federal Rules of Civil Procedure provide that leave to amend the Complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In this case, the Court should permit Polk Audio to file the proposed First Amended Complaint because (a) joinder of the individual Defendants is justified; (b) the Court may exercise personal jurisdiction over the individual Defendants with respect to the proposed claims; and (c) permitting the filing of the First Amended Complaint is in the interest of justice.

- 4 -

A. **<u>Joinder of the Individual Defendants Is Justified</u>**

Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part, that "[p]arties may be ... added by order of the court on motion of any party ... at any stage of the action and on such terms as are just." Furthermore, "all persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed R. Civ. P. 20(a).

In this case, there can be little doubt that the fraud and conversion claims Polk Audio would assert against the proposed individual Defendants by means of Counts 3 and 4 of the First Amended Complaint arise "out of the same transaction, occurrence, or series of transactions or occurrences" as the same claims Polk Audio has asserted against AVC. Indeed, it is the conduct of the proposed individual Defendants that forms the basis of Polk Audio's claims against AVC. Polk Audio alleges, and the evidence will show, that the individual Defendants closely controlled the business of AVC and personally carried out the acts that implemented their scheme to defraud Polk Audio and convert Polk Audio's property. In particular, Steve Javaherian caused AVC to enter into the Dealer Agreement with Polk Audio (Ex. 1 to First Amended Complaint); Mark Syetta, with the knowledge and consent of the other individual Defendants, authorized Polk Audio to charge a credit card for product ordered by and shipped to AVC under the Dealer Agreement (Exs. D and E hereto); the individual Defendants agreed to and did order and accept delivery of Polk Audio product under the Dealer Agreement, and permitted the credit card to be charged for Polk Audio product on numerous occasions without objection prior to the transactions at issue in this case; with respect to the disputed transactions, the Defendants agreed

to and did order and accept delivery of Polk Audio products under the Dealer Agreement without withdrawing the authorization given to Polk Audio to charge the credit card for the products (Exs. 4 through 10 to First Amended Complaint); and, after accepting delivery of the products (and presumably reselling them), Arlene Syetta, with the knowledge and consent of the other individual Defendants and with the intention and effect of defrauding Polk Audio and converting Polk Audio's property to Defendants' own use, falsely represented to the credit card issuer that Defendants had not authorized the relevant credit card charges (Ex. F hereto).

Similarly, the principal questions of law raised by Polk Audio's claims against the proposed individual Defendants are essentially identical to those raised by Polk Audio's fraud and conversion claims against AVC. Aside from questions of corporate agency, the elements of the fraud and conversion claims asserted against AVC are identical to the elements of the same claims asserted against the individual Defendants. Accordingly, joinder of the individual Defendants is warranted in this case. *See* Fed. R. Civ. P. 20(a).

**B.    The Court Has Personal Jurisdiction Over the Individual Defendants**

To establish that the Court may exercise personal jurisdiction over an out-of-state defendant in a diversity action, the plaintiff must satisfy a two-step test by showing that (1) an applicable state long-arm statute confers jurisdiction; and (2) the assertion of that jurisdiction is consistent with constitutional due process. *See Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993) (citations omitted). With respect to the first prong of this test, as alleged in the First Amended Complaint, this Court has personal jurisdiction over the proposed individual Defendants by virtue of several provisions of the Maryland long-arm statute:

*First*, the Court has personal jurisdiction because the Defendants transacted business in the State. *See* Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1). Steve Javaherian caused AVC to

enter into a contract with Polk Audio, a Maryland corporation with its principal place of business in Maryland, and, pursuant to that contract, Defendants regularly ordered and received goods for resale over the course of more than three years. In addition, on at least two occasions, Defendants shipped goods purchased from Polk Audio directly to Maryland residents in Maryland. *See* Ex. G, a UPS delivery record (dated February 23, 2001), and an AVC invoice showing delivery of Polk Audio products to an individual at a Maryland address (dated July 19, 1999).

*Second*, the Court has personal jurisdiction over Defendants because Defendants caused tortious injury in Maryland by acts that, for jurisdictional purposes, are deemed to have occurred in Maryland. *See* Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(3). For jurisdictional purposes, a defendant who "knowingly sends into a state a false statement, intending that it should there be relied upon to the injury of a resident of that state ... has ... acted within that state." *Christian Book Distribs., Inc. v. Great Christian Books, Inc.*, 137 Md.App. 367, 377 (Md. Ct. Spec. App. 2001). Polk Audio alleges that the individual Defendants collaborated to commit fraud against Polk Audio and to convert Polk Audio's property. The first step of that unlawful scheme was a statement made by Defendants to a Polk Audio employee in Maryland purporting to authorize Polk Audio to charge Mark Syetta's credit card for product ordered and delivered under the Dealer Agreement. *See* Exs. D and E. Because that statement was part of an unlawful scheme to defraud Polk Audio, and Defendants knowingly made the statement to a Polk Audio employee in Maryland, this case falls within the parameters of paragraph (b)(3) of the Maryland long-arm statute. *Christian Book Distribs.*, 137 Md. App. at 377.

*Third*, to the extent that Defendants' tortious acts are deemed to have occurred outside of Maryland, Defendants are subject to this Court's jurisdiction by virtue of paragraph (b)(4) of the

long-arm statute, which reaches cases in which tortious injury is caused by acts outside the State if the defendant "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods ... or manufactured products used or consumed in the State." Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(4). As noted above, Steve Javaherian caused AVC to enter into a contract with Polk Audio, a Maryland corporation with its principal place of business in Maryland, which contract is governed by Maryland law and pursuant to which contract Defendants regularly placed purchase orders with Polk Audio employees in Maryland. Defendants operated the business of AVC closely and personally on a daily basis, and regularly had business dealings with Polk Audio employees in Maryland. For example, in addition to Defendants routinely placing purchase orders with Polk Audio in Maryland, between May and August, 2000, Steve Javaherian exchanged frequent telephone calls and correspondence with Polk Audio's controller, Robert A. Tryson, concerning AVC's poor credit record with Polk Audio. *See* Ex. D. These transactions culminated in Mr. Javaherian's agreement to purchase Polk Audio products on a pre-pay basis, which agreement was implemented when, on August 14, 2000, Defendants authorized Polk Audio to charge product shipments to Mark Syetta's credit card. *See id.* That authorization was given to Polk Audio in Maryland. *See* Exs. D and E. In addition, on at least two occasions Defendants shipped Polk Audio products for sale to Maryland residents in Maryland. *See* Ex. G. Accordingly, the proposed individual Defendants' conduct in this case comes within the reach of the Maryland long-arm statute.

The Court's exercise of jurisdiction over the proposed individual Defendants also would comport with constitutional requirements. The due process prong of the jurisdictional test is satisfied when a defendant has "'minimum contacts' with Maryland such that the maintenance of

the suit does not offend traditional notions of fair play and substantial justice." *Giannaris v. Cheng*, 219 F.Supp. 687, 692 (D. Md. 2002) (Nickerson, J.) (quotations and citations omitted). Due process is also satisfied "if it can be shown that the defendant has purposefully directed its activities toward the residents of the forum state." *Id*. In addition, when the suit arises from a defendant's contacts with the forum state, a court may exercise "specific jurisdiction" with respect to the particular claims at issue. *Id*. The Supreme Court has held that even a single contact may be sufficient to create jurisdiction when the cause of action arises out of that single contact, provided that the principle of "fair play and substantial justice" is observed. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In determining whether prior business negotiations in the forum state give rise to specific jurisdiction, "the strongest factor is whether the defendant initiated the business relationship in some way." *Giannaris*, 219 F.Supp. at 692.

In this case, the Court clearly has specific jurisdiction over the individual Defendants with respect to Polk Audio's fraud and conversion claims against them. Those claims arise directly from Defendants' purposeful contacts with Polk Audio in Maryland. As shown above, Defendants initiated the chain of events giving rise to this lawsuit by entering into a Dealer Agreement governed by Maryland law with Polk Audio, a Maryland corporation headquartered in Maryland, and agreeing to authorize and authorizing Polk Audio to charge a credit card for Polk Audio products shipped to AVC. The Defendants made the statement giving that authorization to a Polk Audio employee in Maryland. Moreover, with each other's knowledge and consent and pursuant to the Dealer Agreement, the individual Defendants placed product orders for processing in Maryland over the course of several years and shipped some Polk Audio products to Maryland residents in Maryland. Accordingly, both prongs of the relevant

jurisdictional test are satisfied and the Court may exercise personal jurisdiction over the individual Defendants with respect to the claims asserted in Polk Audio's First Amended Complaint.

### C. Permitting the Filing the First Amended Complaint Is in the Interest of Justice

Permitting Polk Audio to file the First Amended Complaint is in the interest of justice because (a) the filing will not prejudice the individual Defendants unfairly, and (b) preventing Polk Audio from joining the proposed individual Defendants would prejudice Polk Audio unfairly.

The proposed individual Defendants, who, as shown above, are closely involved in the day-to-day operations of AVC, have been on notice of Polk Audio's claims for a long time. Polk Audio's original Complaint, filed September 24, 2002, alleged all of the same substantial facts that form the basis for the conversion and fraud claims directed at the proposed individual Defendants in the First Amended Complaint. Almost three months before filing the original Complaint, on July 8, 2002, Polk Audio submitted to Defendants a letter demanding payment for the products ordered, shipped, delivered, and accepted by Defendants as alleged in both the Complaint and the proposed First Amended Complaint. *See* Ex. 11 to the First Amended Complaint. Arlene Syetta signed the delivery receipt for that letter on July 11, 2002. *See id.* The letter articulated the essential facts of Polk Audio's conversion and fraud claims – including the fact that Defendants appeared to have represented to the credit card issuer that the charges were not authorized – and warned that failure to remit payment as demanded would leave Polk Audio no option but to seek judicial remedies. *See id.*

In addition, the proposed individual Defendants are represented by the same attorney as AVC, Alfred L. Scanlan, Jr. Undersigned counsel explicitly informed Mr. Scanlan on or about

late January, 2002, of Polk Audio's intention to amend the Complaint to add the proposed individual Defendants. While the parties have exchanged interrogatories, requests for production of documents, and written and documentary responses thereto, no depositions have yet been taken. Thus, the addition of Mr. Javaherian and Mr. and Ms. Syetta as individual Defendants in this lawsuit would not unfairly surprise or prejudice them in any way.

By contrast, the failure to add these individuals as defendants would unfairly prejudice Polk Audio by forcing Polk Audio either to give up its claims against them or to initiate entirely separate, but virtually identical, proceedings in a different forum. This would result in inefficient duplication of efforts, waste of judicial resources, and unnecessary expense for all involved. Accordingly, the balance of the equities weighs heavily in favor of Polk Audio and the Court should grant Polk Audio leave to file the First Amended Complaint. *See* Fed. R. Civ. P. 15(a).

## CONCLUSION

For the foregoing reasons, the Court should grant Polk Audio's motion and accept the attached First Amended Complaint for filing.

Respectfully submitted,

Dated: March 18, 2003

_____
Jay I. Morstein (Fed. Bar. No. 00123)
Paolo Morante (Fed. Bar No. 25287)

PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, Maryland 21209-3600
410-580-3000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| POLK AUDIO, INC.<br><br>      Plaintiff<br><br>v.<br><br>AUDIO VIDEO CREATIONS, INC.,<br><br>      Defendant. | Case No.: WMN-02-3133 |

## [PROPOSED] ORDER

Before the Court is the Motion Of Plaintiff Polk Audio, Inc., For Leave To File The First Amended Complaint (the "Motion"). For the reasons stated in the Motion and the memorandum accompanying the Motion, and in the interest of justice, the Court hereby ORDERS:

1. The Motion Of Plaintiff Polk Audio, Inc., For Leave To File The First Amended Complaint is GRANTED;

2. The Clerk shall cause a copy of the First Amended Complaint, with Exhibits, which is attached as Exhibit A to the Motion, to be filed as a docket item in this case.

IT IS SO ORDERED.

Dated: April ___, 2003
                                              _____
                                              William M. Nickerson
                                              United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March, 2003, I caused a copy of the foregoing Motion Of Plaintiff Polk Audio, Inc., For Leave To File The First Amended Complaint to be filed electronically with the Court and served by electronic mail and UPS Next Day Service upon the following counsel of record:

> Alfred L. Scanlan, Jr.
> Eccleston & Wolf
> 7th Floor, Scarlett Place
> 729 E. Pratt Street
> Baltimore, Maryland 21202-4460
> Tel. (410) 752-7474
> Fax: (410) 752-0611
> E-mail: scanlan@ewmd.com

_____
Paolo Morante