# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| POLK AUDIO, INC.<br><br>　　　Plaintiff<br><br>v.<br><br>AUDIO VIDEO CREATIONS, INC.<br><br>　　　Defendant | Civil Action No. WMN-02-3133 |

## ANSWERS TO INTERROGATORIES

**TO:**　　POLK AUDIO, INC., Plaintiff

**FROM:**　　AUDIO VIDEO CREATIONS, INC., Defendant

### GENERAL OBJECTIONS

(a)　　The information supplied in these Answers is not based solely upon the Knowledge of the executing party, but includes knowledge of the party's agents, representatives, and attorneys, unless privileged.

(b)　　The word usage and sentence structure is that of the attorney who in fact prepared these answers and the language does not purport to be the exact language of the executing party.

(c)　　Defendant generally objects to these Interrogatories to the extent that Plaintiff seeks information not discoverable under the Federal Rules of Civil Procedure.

(d)　　Defendant assumes that Plaintiff is not seeking to obtain information protected by the attorney-client privilege, the work product doctrine and/or any other applicable privilege, protection or restriction. To the extent that Plaintiff seeks

1

information protected by such privileges, Defendant asserts such privileges to their fullest extent and, accordingly, will not provide such information.

(e) Defendant generally objects to any Interrogatories, which seek "all" information, which may be related to a specific issue, as being unduly burdensome, overly extensive and not generally within the practical capabilities of Defendant.

(f) Defendant generally objects to any Interrogatories, which improperly combine multiple questions, requests or subparts in violation of the Federal Rules of Civil Procedure.

(g) In the interest of complying with the Federal Rules of Civil Procedure, Defendant, will respond specifically to each Interrogatory. However, by doing so, Defendant does not waive the applicability of these General Objections, or the specific objections as noted in Answer to any particular Interrogatory. Defendant reserves the right to assert any objection noted herein notwithstanding the fact that an Answer is provided below.

(h) Defendant hereby explicitly incorporates the foregoing objections to each and every of the following answers to the Plaintiff's Interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the directors, stockholders, and officers of AVC during the Relevant Period, indicating which individuals or entities held which position(s) and the period of time for which each individual or entity identified in your answer held each position.

2

**ANSWER TO INTERROGATORY NO. 1:** Steven Javaherian was the sole stockholder, director, and officer of AVC during the relevant period.

**INTERROGATORY NO. 2:** Identify all of your employees, agents, or representatives who, at any time during the Relevant Period, had business dealings or communications with Polk Audio, were responsible for purchases of Polk Audio products by you from anyone for resale, or were responsible for sales of Polk Audio products. For each such employee, agent, or representative, describe the nature of his or her responsibilities with respect to Polk Audio, any Reseller, and Polk Audio products.

**ANSWER TO INTERROGATORY NO. 2:** Steven Javaherian and Mark Syetta had business dealings and communications with Polk, and were responsible for purchases and sale of Polk Audio Products generally.

**INTERROGATORY NO. 3:** Identify all employees, agents, or representatives of Polk Audio with whom you had any business dealings or communications at any time during the Relevant Period. Indicate the general nature of your business dealings or communications with each such employee, agent, or representative Polk Audio.

**ANSWER TO INTERROGATORY NO. 3:** William Kinsella and Ben Gosbig were the Polk Audio representatives who dealt with AVC, maintained, and oversaw Polk's account with AVC.

**INTERROGATORY NO. 4:** Identify all agreements, including all modifications or amendments thereto, between you and Polk Audio at any time.

3

**ANSWER TO INTERROGATORY NO. 4:** The Polk Audio dealer agreement, as modified by the parties by way of subsequent conduct, to permit wholesaling on the part of AVC.

**INTERROGATORY NO. 5:** Identify all of your employees, agents, or representatives who, at any time during the Relevant Period, had business detains with any Reseller (including, without limitation, 800 Stereo and Federal Stereo) relating to Polk Audio products. For each such employee, agent, or representative, describe the nature of his or her responsibilities with respect to the relevant Reseller or Resellers and identify the relevant Reseller or Resellers.

**ANSWER TO INTERROGATORY NO. 5:** To the extent that AVC had contact with any Reseller of Polk Audio product that contact or communication would have been through Mark Syetta, as Mr. Syetta handled all the sale transactions on the part of AVC.

**INTERROGATORY NO. 6:** Identify all employees, agents, or representatives of any Reseller with whom you or any of your employees, agents, or representatives have had any communications at any time during the Relevant Period.

**ANSWER TO INTERROGATORY NO. 6:** None known.

**INTERROGATORY NO. 7:** Identify all of your sources of Polk Audio products during the Relevant Period other than Polk Audio. For each such source, identify all Polk Audio products purchased by you by providing, for each individual product item, the model number, serial number, date of your purchase, and price paid by you.

4

**ANSWER TO INTERROGATORY NO. 7:** AVC utilized J&R Music World and/or its corporate/wholesale division as a source of Polk Audio Product.

**INTERROGATORY NO. 8:** Do you contend that any entities or individuals other than you have sold Polk Audio products to the Resellers to which you sold Polk Audio products? If so, identify all entities or individuals other than you who you contend have sold Polk Audio products to those Resellers at any time.

**ANSWER TO INTERROGATORY NO. 8:** AVC contends that J&R Music World's corporate division is responsible for selling Polk Products to Resellers.

**INTERROGATORY NO. 9:** Do you contend that Polk Audio authorized any Reseller to which you sold Polk Audio products to become a dealer in, or otherwise a seller of, Polk Audio products? If so, for each Reseller as to which you make such a contention, state all facts that form the basis for your contention.

**ANSWER TO INTERROGATORY NO. 9:** AVC lacks sufficient information to respond to this interrogatory.

**INTERROGATORY NO. 10:** Do you contend that Polk Audio authorized or approved of sales of Polk Audio products by you to any Reseller? If so, for each Reseller as to which you make this contention, state all facts that form the basis for your contention.

**ANSWER TO INTERROGATORY NO. 10:** Polk has authorized sales of Polk product to resellers by way of tacit approval. Polk, aware of sales data for AVC indicating wholesaling, permitted AVC to market and sell Polk goods in the wholesale

5

industry. Polk has undertaken this marketing strategy, with full knowledge of AVC's activity, in an attempt to facilitate a larger volume of Polk Audio sales.

**INTERROGATORY NO. 11:** Separately for each defense, identify all facts that you claim form the basis for your defenses that Polk Audio's Complaint is barred by: (a) laches; (b) estoppel; (c) waiver; (d) the doctrine of unclean hands; (e) the doctrine of anticipatory breach; (f) Polk Audio's failure to mitigate damages; (g) Polk Audio's knowing misrepresentation of facts upon which you relied to your detriment; and (h) the failure of Polk Audio's Complaint to state a claim upon which relief may be granted. For each of these defenses, please state if you an identify no facts that form the basis for the defense.

**ANSWER TO INTERROGATORY NO. 11:** In addition to all facts previously asserted, AVC is in the process of gathering information and investigating, in response to plaintiff's claims.

**INTERROGATORY NO. 12:** Do you contend that you did not breach your Dealer Agreement with Polk Audio by selling Polk Audio products to Resellers (concluding, without limitation, Federal Stereo and 800 Stereo)? If so, for each Reseller as to which you make this contention, state all facts that form the basis for your contention.

**ANSWER TO INTERROGATORY NO. 12:** AVC contends that the actions and conduct of Polk, in connection with trade and industry usage, amount to no breach of contract by AVC. To the extent that there may have been a breach, AVC contends that

6

the breach was waived by Polk's actions of accepting and ratifying such activity constituting any said breach.

**INTERROGATORY NO. 13:** Do you contend that you have paid Polk Audio for the Polk Audio products delivered to you as described in Paragraphs 38-44 of the Polk Audio's Complaint? If so, for each Polk Audio product as to which you make this contention, state all facts that form the basis for your contention.

**ANSWER TO INTERROGATORY NO. 13:** No. No such contention at this time.

**INTERROGATORY NO. 14:** Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which each expert is expected to testify, state the substance of the findings and opinions to which each expert is expected to testify and a summary of the grounds for each opinion, and attach to your answer any written report made by the expert concerning those findings and opinions.

**ANSWER TO INTERROGATORY NO. 14:** None at this time. Defendant reserves the right to supplement this response in the future.


I solemnly affirm under the penalties of perjury that the contents of the aforegoing Answers to Interrogatories are true and correct to the best of my knowledge, information and belief.

_____
Steven Javaherian
Audio Video Creations, Inc.

7

*[signature]*
Alfred L. Scanlan, Jr. (Fed Bar No. 00262)
Eccleston and Wolf, P.C.
7th Floor, Scarlett Place
729 East Pratt Street
Baltimore, Maryland 21202
(410) 752-7474
*Attorney for Defendant,*
*Audio Video Creations, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of February 2003 a copy of the foregoing Answers to Interrogatories was mailed first class, postage pre-paid to:

    Michael F. Brockmeyer, Esquire
    Jay I. Morstein, Esquire
    Paolo Morante, Esquire
    Piper Marbury Rudnick & Wolfe, LLP
    Baltimore Mt. Washington Office
    6225 Smith Avenue
    Baltimore, Maryland 21209

    Steve Javaherian
    999 Northern Boulevard
    Manhasset, NY 11030

*[signature]*
Alfred L. Scanlan, Jr.

J:\21042\Discover\ATI.doc

8