# EXHIBIT I

# Piper Rudnick

6225 Smith Avenue
Baltimore, Maryland 21209-3600
main 410.580.3000  fax 410.580.3001

PAOLO MORANTE
paolo.morante@piperrudnick.com
direct 410.580.4805  fax 410.580.3805

March 18, 2003

UPS NEXT DAY AIR

Alfred L. Scanlan, Jr., Esq.
Eccleston and Wolf, P.C.
7th Floor, Scarlett Place
729 E. Pratt Street
Baltimore, Maryland  21202-4460

   Re:   *Polk Audio, Inc. ("Polk Audio") v. Audio Video Creations, Inc. ("AVC")*,
         Civ No. WMN-02-CV-3133

Dear Mr. Scanlan:

   Enclosed in accordance with our recent conversation are amended deposition notices directed at AVC (under Rule 30(b)(6)), Mark Syetta, and Arlene Syetta.

                                             Very truly yours,

                                             [signature]

Enclosures

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| POLK AUDIO, INC.<br><br>        Plaintiff<br><br>v.<br><br>AUDIO VIDEO CREATIONS, INC.,<br><br>        Defendant. | Case No.: WMN-02-3133 |

**PLAINTIFF'S SECOND AMENDED NOTICE OF
TAKING DEPOSITION OF ARLENE SYETTA**

Please take notice that, pursuant to Federal Rules of Civil Procedure 26, 30, 33, and 34, Plaintiff Polk Audio, Inc., by and through undersigned counsel, will take the deposition upon oral examination of Arlene Syetta. The deposition will take place starting on April 23, 2003, at 10:00 a.m. at the offices of Piper Rudnick LLP, 1251 Avenue of the Americas, New York, New York 10020-1104, (212) 853-6000. The deposition shall continue until completed, in accordance with the Federal Rules of Civil Procedure. The deposition will be conducted under oath, will be transcribed by stenographic means, and may be videotaped.

Dated: March 18, 2003

Respectfully submitted,

_____
Jay I. Morstein (Fed. Bar No. 00123)
Paolo Morante, (Fed. Bar No. 025287)

PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, MD 21209-3600
Telephone: (410) 580-3000

*Attorneys for Plaintiff Polk Audio, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

POLK AUDIO, INC.

    Plaintiff

v.

AUDIO VIDEO CREATIONS, INC.,

    Defendant.

Case No.: WMN-02-3133

## PLAINTIFF'S SECOND AMENDED NOTICE OF TAKING DEPOSITION OF MARK SYETTA

Please take notice that, pursuant to Federal Rules of Civil Procedure 26, 30, 33, and 34, Plaintiff Polk Audio, Inc., by and through undersigned counsel, will take the deposition upon oral examination of Mark Syetta. The deposition will take place starting on April 22, 2003, at 10:00 a.m. at the offices of Piper Rudnick LLP, 1251 Avenue of the Americas, New York, New York 10020-1104, (212) 853-6000. The deposition shall continue until completed, in accordance with the Federal Rules of Civil Procedure. The deposition will be conducted under oath, will be transcribed by stenographic means, and may be videotaped.

Dated: March 18, 2003

Respectfully submitted,

_____
Jay I. Morstein (Fed. Bar No. 00123)
Paolo Morante, (Fed. Bar No. 025287)

PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, MD 21209-3600
Telephone: (410) 580-3000

*Attorneys for Plaintiff Polk Audio, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| POLK AUDIO, INC.<br><br>        Plaintiff<br><br>v.<br><br>AUDIO VIDEO CREATIONS, INC.,<br><br>        Defendant. | Case No.: WMN-02-3133 |

**PLAINTIFF'S SECOND AMENDED NOTICE OF TAKING RULE 30(b)(6)
DEPOSITION OF DEFENDANT AUDIO VIDEO CREATIONS, INC.**

Please take notice that, pursuant to Federal Rules of Civil Procedure 26, 30, 33, and 34, Plaintiff Polk Audio, Inc., by and through undersigned counsel, will take the deposition upon oral examination of Defendant Audio Video Creations, Inc. ("AVC"). Pursuant to Federal Rule of Civil Procedure 30(b)(6), AVC shall designate one or more officers, directors, managing agents, or other persons who consent to testify on AVC's behalf and who are knowledgeable as to the subject matters listed in Attachment A hereto.

The deposition will take place starting on April 3, 2003, at 9:00 a.m. at the offices of Piper Rudnick LLP, 6225 Smith Avenue, Baltimore, MD 21209-3600, (410) 580-3000. The deposition shall continue until completed, in accordance with the Federal Rules of Civil Procedure. The deposition will be conducted under oath, will be transcribed by stenographic means, and may be videotaped.

/

/

/

Respectfully submitted,

Dated: March 18, 2003

*[signature]*

Jay I. Morstein (Fed. Bar No. 00123)
Paolo Morante, (Fed. Bar No. 025287)

PIPER RUDNICK LLP
6225 Smith Avenue
Baltimore, MD 21209-3600
Telephone: (410) 580-3000

*Attorneys for Plaintiff Polk Audio, Inc.*

## "ATTACHMENT A"
## TOPLAINTIFF'S AMENDED NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF DEFENDANT AUDIO VIDEO CREATIONS, INC.

I.  DEFINITIONS

(a) "All" means "any and all." "Any" means "any and all."

(b) "And" means "and/or." "Or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine and the neuter. The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

(c) "Authorized dealer" means a person authorized by Polk Audio to sell Polk Audio products to retail customers.

(d) "Citibank refers to Citibank of South Dakota, N.A., and to all of its parents, subsidiaries, divisions, affiliates, officers, directors, partners, limited partners, employees, agents, representatives, attorneys, successors and assigns or other persons acting for or on its behalf.

(e) "Document" should be read in the broadest sense possible and includes every tangible thing from which information can be obtained, perceived, reproduced, or communicated either directly or with the aid of a machine or a device, including, but not limited to, any written, typed, printed or marked matter; any drawing, graph or chart; any photograph, movie, videotape or other filmed or reproduced matter; any recording, tape, disc, drum, cassette, computer data, punch data or other data computation, however stored or recorded; and all copies or drafts of any of the foregoing by whatever means made.

(f) "Communication" means the transmittal or exchange of information by any means.

(g) "Global Payments" refers to Global Payments, Inc., and to all of its parents, subsidiaries, divisions, affiliates, officers, directors, partners, limited partners, employees, agents, representatives, attorneys, successors and assigns or other persons acting for or on its behalf.

(h) "Identify" or "identity" when used in reference to a natural person means to state the person's full-name, present or last known address, telephone number, electronic mail identifier(s) and address, present or last known employment, job description, and business affiliation at the time in question.

(i) "Identify" or "identity" when used in reference to an entity other than a natural person means to state the name, address of principal office or headquarters, telephone number of principal office or headquarters, and state of incorporation (if any).

(j) "Person" includes any corporation, partnership, other business association or entity, any natural person, or any government, governmental body, commission, board, or agency.

(k) "Polk Audio" refers to Polk Audio, Inc., and to all of its parents, subsidiaries, divisions, affiliates, officers, directors, partners, limited partners, employees, agents, representatives, attorneys, successors and assigns or other persons acting for or on its behalf.

(l) "Polk Audio products" means any goods manufactured or distributed by or on behalf of Polk Audio.

(m) "Relate to" or "relating to" (including all other forms of those terms) means all permutations of concerning, pertaining to, regarding, addressing, referencing, referring to, describing, evidencing, constituting, reflecting, showing, summarizing, memorializing, comprising, considering, discussing, setting forth, studying, analyzing, indicating, commenting upon, recommending, alluding to, mentioning, or containing, in whole or in part.

(n) "Relevant Period," unless otherwise specified, means the period June 1, 1998, through and including the present.

(o) "Unauthorized dealer" means a person that engages in the sale of Polk Audio products without authorization from Polk Audio.

(p) "Unclassified dealer" means a person that engages in the sale of Polk Audio products with respect to which you do not know whether Polk Audio has authorized those sales.

(q) "You," "your" and "AVC" shall include AVC and all of its directors, officers, employees, agents, representatives, attorneys, successors and assigns, or other persons acting for or on the behalf of AVC, including, without limitation, Steve Javaherian, Mark Syetta, and Arlene Syetta.

II.   <u>TOPICS</u>

(a) All communications between you and Polk Audio.

(b) All communications between you and Citibank.

(c) All communications between you and Global Payments.

(d) All communications between you and entities to which you sold Polk Audio products.

(e) All communications between you and any authorized dealers of Polk Audio products relating to Polk Audio products.

(f) All communications between you and any unauthorized dealers of Polk Audio products relating to Polk Audio products.

(g) All communications between you and any unclassified dealers of Polk Audio products relating to Polk Audio products.

(h) All agreements, including any actual or alleged amendments or modifications thereof in any form whatsoever, between you and Polk Audio.

(i) Your compliance with the terms of your agreements with Polk Audio.

(j) All of your purchases of Polk Audio products.

(k) All of your orders for Polk Audio products.

(l) All deliveries of Polk Audio products to you.

(m) All of your payments for Polk Audio products, including all methods of payment and authorizations therefor.

(n) Your credit history with Polk Audio during the Relevant Period.

(o) All of your sales of Polk Audio products.

(p) All other business dealings with Polk Audio.

(q) All business dealings between you and any authorized dealers of Polk Audio products relating to Polk Audio products.

(r) All business dealings between you and any unauthorized dealers of Polk Audio products relating to Polk Audio products.

(s) All business dealings between you and any unclassified dealers of Polk Audio products relating to Polk Audio products.

(t) Your corporate structure, including the identity, duties, and responsibilities of all directors, stockholders, and officers of AVC during the Relevant Period.

(u) The identity duties, and responsibilities of all of your employees who had dealings with Polk Audio or Polk Audio products during the Relevant Period.

(v) All facts relevant to any defenses you have asserted or plan to assert in this action.

(w) The processes and methodologies you used in responding to Polk Audio's discovery requests in this action, including the persons consulted for or involved in your responses to those requests.

(x) All documents you have produced in discovery.

(y) All documents relating to one or more of the topics herein.