UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND - NORTHERN

| | |
|---|---|
| POLK AUDIO, INC.<br><br>    Plaintiff<br><br>v.<br><br>AUDIO VIDEO CREATIONS, INC.<br><br>    Defendant | Civil Action No. WMN-02-3133 |

### DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY MEMORANDUM TO PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT

Defendant, Audio Video Creations, Inc. ("AVC"), by and through undersigned counsel, hereby moves that it be granted leave to file a brief Surreply memorandum responding to Plaintiff's Reply Memorandum to AVC's Opposition to Plaintiff's Motion to File First Amended Complaint, and for cause states that:

1. On March 18, 2003, Plaintiff filed a Motion to File First Amended Complaint, and supporting memorandum. The proposed Amended Complaint added three individuals as Defendants in the instant case, Mark Syetta, Arlene Syetta, and Steve Javaherian. It also modified a few factual allegations. Plaintiff asserted that the amendment should be permitted in that the amendments were in the interest of justice, and this Court could exert jurisdiction over the putative individual Defendants.

2. On March 27, 2003, Defendant AVC filed an Opposition to Plaintiff's Motion to File First Amended Complaint. AVC contends that this Court does not have the authority to exert personal jurisdiction over the Syettas and Mr. Javaherian. AVC stated that there was no jurisdiction due to the fact that none of the proposed defendants

met the requirements of the Maryland long arm statute, or of the Due Process Clause of the Fourteenth Amendment. Specifically, as more fully set forth in AVC's Opposition, the proposed defendants did not transact business in Maryland, did not commit a tort within Maryland, and did not have sufficient contacts with Maryland to justify jurisdiction based on a tort occurring outside Maryland. AVC further contended that Mr. and Mrs. Syettta were protected by the fiduciary shield doctrine.

    3.    On April 8, 2003, Plaintiff filed a Reply Memorandum to AVC's Opposition to Plaintiff's Motion to File First Amended Complaint. As part of this Reply, Plaintiff asserts that Mark and Arlene Syetta were in fact "transacting business" as defined by the Maryland Long Arm Statute, in that the Syettas were personal guarantors of AVC's debt. Plaintiff asserts that because the credit card that was used for the purchases at issue was issued personally to the Syettas, that they are guarantors. Plaintiff then relies heavily on <u>Choice Hotels International, Inc. v. Madison Three, Inc.</u>, 23 F. Supp. 2d 617 (D. Md. 1998), to support the proposition that personal guarantors transact business in the state where the guaranty was received, for the purposes of jurisdiction, and are thus subject to personal jurisdiction in that state. That would render the Syettas subject to the jurisdiction of the Maryland courts in the instant case.

    4.    This concept of the Syettas as personal guarantors was not addressed in the original Motion and supporting memorandum filed by Plaintiff. In that filing Plaintiff generally alleged that the actions of the proposed defendants constituted transacting business. Therefore, AVC responded in its Opposition by explaining why the acts of the individuals were on behalf of the corporation, and why they were only undertaken as agents. Defendant desires the opportunity to address this additional aspect of transacting

business alleged by Plaintiff, namely the Syettas as guarantors, which AVC did not have the opportunity to address in its Opposition in light of the fact that Plaintiff had not asserted this theory, or the case on which they rely as authority, until the Reply memorandum. AVC has a meritorious substantive argument that it believes will address and account for the guarantor aspect of Plaintiff's position. It is therefore requested that AVC be given the opportunity to submit this argument to the Court.

5. Plaintiff has also made arguments in its reply pertaining to Mr. Javaherian as being part and parcel of a conspiracy with the Syettas, and thus being subject to the jurisdiction of this Court due to the fact that the Syettas are subject to its jurisdiction. In essence, Plaintiff claims that because the Syettas are subject to the personal jurisdiction of the Court under the guarantor argument, so is Mr. Javaherian, as a co-conspirator of the Syettas. AVC desires the opportunity to address this conspiracy allegation as well.

6. AVC posits that its response would be limited to a memorandum of less than 10 pages, and would not be a burdensome exercise for the Court. Furthermore, it is necessary that AVC be provided the opportunity to address the arguments offered by Plaintiff that AVC had no knowledge of at the time of its original Opposition.

THEREFORE, for the reasons stated above, Defendant AVC respectfully requests that this Court grant AVC the right to file a Surreply memorandum to Plaintiff's Reply to AVC's Opposition to Plaintiff's Motion to File First Amended Complaint.

Respectfully submitted,

_____
Alfred L. Scanlan, Jr. (Fed. Bar No. 00262)
Eccleston & Wolf, P.C.
7th Floor, Scarlett Place
Baltimore, Maryland 21202
(410) 752-7474
*Attorney for Defendant,*
*A.V.C., Inc.*

### CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 5th day of May, 2003, that a copy of Defendant's Motion for Leave to File Surreply Memorandum to Plaintiff's Reply Memorandum to Defendant's Opposition to Plaintiff's Motion to File First Amended Complaint, was mailed first class mail, postage prepaid to:

Michael F. Brockmeyer, Esquire
Jay I. Morstein, Esquire
Paolo Morante, Esquire
Piper Marbury Rudnick & Wolfe, LLP
Baltimore Mt. Washington Office
6225 Smith Avenue
Baltimore, Maryland 21209

Steve Javaherian
999 Northern Boulevard
Manhasset, NY 11030

_____
Alfred L. Scanlan, Jr.

J:\21042\Motion\mot sur.doc