UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND - NORTHERN

| | |
|---|---|
| POLK AUDIO, INC.<br><br>    Plaintiff<br><br>v.<br><br>AUDIO VIDEO CREATIONS, INC.<br><br>    Defendant | Civil Action No. WMN-02-3133 |

**DEFENDANT'S SUPPLEMENT TO MOTION FOR LEAVE TO FILE SURREPLY MEMORANDUM TO PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT**

Defendant, Audio Video Creations, Inc. ("AVC"), by and through undersigned counsel, hereby supplements its motion for leave to file a brief Surreply memorandum responding to Plaintiff's Reply Memorandum to AVC's Opposition to Plaintiff's Motion to File First Amended Complaint, and for cause states that:

1.    Defendant AVC incorporates by reference the Motion to File Surreply Memorandum to Plaintiff's Reply Memorandum to Defendant's Opposition to Plaintiff's Motion to File First Amended Complaint.

2.    Defendant AVC, through undersigned counsel, offered arguments in its original Opposition to Plaintiff's Motion to File First Amended Complaint based on the notion that all of the proposed additional individual Defendants, Steve Javaherian, Mark Syetta, and Arlene Syetta, were employees of Defendant, AVC at the time of the events at issue in the above captioned matter.

3. It has recently come to the attention of counsel that in fact only Mr. Javaherian and Mark Syetta were employees at the time of the events and activity relevant to this action.

4. Arlene Syetta is not, and has never been employed by AVC, in any capacity.

5. The arguments presented in Defendant AVC's prior filings are still fully applicable to Mr. Javaherian and Mark Syetta.

6. Arlene Syetta's role is actually less than that contemplated in AVC's prior submissions. She had no dealings with Polk in any capacity, individual or representative. She never authorized Polk to do anything, and never made any communication to Polk. Her name is simply on the credit card at issue. Thus, she did not commit any activity subjecting her to the jurisdiction of the Maryland courts. She also is no guarantor of any debt of AVC to Polk.

7. Defendant AVC will state the reasons and rationale why Arlene Syetta is not a proper defendant in this matter, due to a lack of personal jurisdiction, in that she had even less connection than originally contemplated, and is no guarantor in a brief surreply to Plaintiff's Reply Memorandum to AVC's Opposition to Plaintiff's Motion to File First Amended Complaint.

THEREFORE, for the reasons stated above, Defendant AVC respectfully requests that this Court grant AVC the right to file a Surreply memorandum to Plaintiff's Reply to AVC's Opposition to Plaintiff's Motion to File First Amended Complaint.

Respectfully submitted,

_____
Alfred L. Scanlan, Jr. (Fed. Bar No. 00262)
Eccleston & Wolf, P.C.
7th Floor, Scarlett Place
Baltimore, Maryland 21202
(410) 752-7474
*Attorney for Defendant,*
*A.V.C., Inc.*

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 5th day of May, 2003, that a copy of Defendant's Supplement to Motion for Leave to File Surreply Memorandum to Plaintiff's Reply Memorandum to Defendant's Opposition to Plaintiff's Motion to File First Amended Complaint, was mailed first class mail, postage prepaid to:

> Michael F. Brockmeyer, Esquire
> Jay I. Morstein, Esquire
> Paolo Morante, Esquire
> Piper Marbury Rudnick & Wolfe, LLP
> Baltimore Mt. Washington Office
> 6225 Smith Avenue
> Baltimore, Maryland 21209
>
> Steve Javaherian
> 999 Northern Boulevard
> Manhasset, NY 11030

_____
Alfred L. Scanlan, Jr.

J:\21042\Motion\mot sur.doc